**Gottchalk v. DeAngelis**

*James V. Fareri,* for plaintiffs.
*H. Alan Vican,* for defendants.

THOMSON, *P.J.,* September 2, 1982—Gaetano L. and Barbara A. DeAngelis (defendants) have filed a counterclaim in response to Joseph W. and Madeleine Gottchalk's (plaintiffs) claim for damages resulting from a default on mortgage payments. Plaintiffs have since filed preliminary objections in the nature of a motion to strike, with regard to defendants' counterclaim.

The complaint alleges that a mortgage relationship was created by the parties on February 4, 1978. Plaintiffs allege that defendants subsequently came into default by missing every payment from August 4, 1979 till the present. Plaintiffs further allege failure to pay real estate taxes, interest, late charges, costs, insurance payments and attorney's collection fees. In defendant's new matter, they claim that plaintiffs made a sizable encroachment on defendants' property. Defendants are counterclaiming for damages as a result.

The sole issue before this court is whether the defendants' counterclaim is maintainable under Pa.R.C.P. 1148. The language of that statute is as follows:

"A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the Plaintiff's cause of action arose."

This statute has been more narrowly defined when in conjunction with counterclaims in response to mortgage default claims. The court in Federal Land Bank of Palmerton v. Tetner, 269 Pa. Superior Ct. 455, 410 A. 2d 344 (1979) stated the general rule as: "The counterclaim must have been part of or incident to the *creation* of the mortgage itself, and *this is to be read narrowly.*" (Emphasis supplied.)

Defendants claim they have satisfied these requirements through their allegations made in the new matter. Defendants allege that they and plaintiffs entered into a series of negotiations concerning repayment of the defaulted amount. At some point during these negotiations plaintiffs encroached on defendants' property by building a roadway which divided their property. The crux of defendants' argument is that this encroachment subsequently became part of the negotiations and thus is a proper subject for a counterclaim.

We feel, however, that the allegations contained in the new matter fail to show that this encroachment is related to the creation of the mortgage or its subsequent renegotiation. Thus we hold that plaintiff's preliminary objections should be granted. We have been admonished by the court in Federal Land Bank of Baltimore, 269 Pa. Superior Ct. 455, 410 A. 2d 344 (1979) to read Pa.R.C.P. 1148 narrowly with regard to mortgages. Whether we read the new matter narrowly or broadly, we cannot see how defendants are entitled to this counterclaim.

Nowhere in the new matter is it shown that plain-

tiffs and defendants entered into verbal negotiations concerning the encroachment. The only time the encroachment was mentioned was in a document submitted to defendant by plaintiff to which defendant refused to sign or consent. Defendants may not at the same time claim that they refused to negotiate with respect to the encroachment and argue that the encroachment was the actual subject of renegotiation.

Defendants cite Genel v. Vacca, 39 Delaware Co. Reports 191 (1952) as authority for permitting the counterclaim. Once again, we disagree. In Genel, "Defendant alleges that the mortgage upon which the Plaintiff is suing was given to assist the Defendant to defray the added expenses for the additional work which he attempts to set off in his counterclaim." Genel is clearly distinguishable on the facts. The grounds for defendants' counterclaim on Genel sprung from the creation of the mortgage itself. Defendants here seek to counterclaim on grounds that never existed until long after the default.

## ORDER

And now, September 2, 1982, plaintiffs' preliminary objections in the nature of a motion to strike are hereby granted and defendants' counterclaim is barred as to this particular mortgage foreclosure.